United States District Court
Middle District of Florida
Jacksonville Division

**WILLIE C. JACKSON, JR.,**

    *Plaintiff,*

V.                                                      **NO. 3:18-CV-452-J-32PDB**

**STATE OF FLORIDA ETC.,**

    *Defendants.*

___

## Report and Recommendation

On April 3, 2018, Willie C. Jackson, Jr., proceeding without a lawyer, filed the complaint against the State of Florida, the Department of Revenue, Sierra M. Rogers, and Tameka R. Hill. Doc. 1. With the complaint, he filed a motion to proceed in forma pauperis. Doc. 2.

On June 11, 2018, the undersigned entered an order explaining deficiencies in the complaint and giving Mr. Jackson until August 1, 2018, to file an amended complaint that complied with the Federal Rules of Civil Procedure and satisfied the pleading standards. Doc. 5. The undersigned explained that the rules required the Court to provide him at least one chance to timely file an amended complaint before dismissing his case with prejudice. Doc. 5 at 2. He did not respond.

In an order dated August 10, 2018, the undersigned directed Mr. Jackson to show cause by September 1, 2018, why his case should not be dismissed for failure to follow the Court's order or otherwise prosecute the case. Doc. 7. The undersigned cautioned him that failure to respond to the Court's order could result in dismissal of the case. Doc. 7. He did not respond.

"Whenever it appears that any case is not being diligently prosecuted the Court may, … on its own motion, enter an order to show cause why the case should not be

dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution." Local Rule 3.10(a); *accord West v. Peoples*, 589 F. App'x 923, 928 (11th Cir. 2014) ("[I]t is well-established that a district court has the power to manage its own docket, which includes the inherent power to dismiss an action for failure to prosecute or for failure to obey a court order."). Dismissal with prejudice for failure to prosecute is warranted only if there is a "clear record of delay or contumacious conduct." *Morewitz v. W. of England Ship Owners Mut. Protection & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995).

Mr. Jackson has not prosecuted the case—diligently or otherwise—and has shown no cause—satisfactory or otherwise—why the Court should not dismiss the case for failure to follow the Court's orders, Docs. 5, 7, or otherwise prosecute the case. The undersigned therefore recommends **denial** of the motion to proceed in forma pauperis, Doc. 2, and **dismissal** of the case. Because there is no clear record of delay or contumacious conduct, the undersigned recommends that the dismissal be without prejudice.*

**Ordered** in Jacksonville, Florida, on September 18, 2018.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

---

*"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

3

c:	The Honorable Timothy J. Corrigan

	Willie C. Jackson, Jr.
	5706 Kinlock Court
	Jacksonville, FL 32219

3